# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Francisco A.S., | Civil No. 26-914 (DWF/DLM) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Francisco A.S.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b). (Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2000. (Doc. No. 1 ¶¶ 2, 29.) Petitioner has been living in the United States

for over 25 years. (*See id*.) U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on January 11, 2026 in Bloomington, Minnesota. (*Id.* ¶¶ 3, 30.) At the time of his arrest, Petitioner was returning from the store when ICE agents wearing facemasks and tactical vests pulled him over. (*Id.* ¶ 30.) ICE agents did not cite a statutory basis for Petitioner's detention or present a warrant. (*Id.*) Petitioner was originally detained at Fort Snelling and later moved to Kandiyohi County Jail in Willmar, Minnesota. (*Id.* ¶ 31.) Upon information and belief, Petitioner remains in detention in Willmar, Minnesota. (*Id.* ¶ 4.)

Petitioner filed the Petition on January 31, 2026. (*Id.* at 20.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Fourth Amendment's protection against unlawful arrest. (*Id.* ¶¶ 36-68.) Petitioner also argues that he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (*Id.* ¶ 8.)[1] Petitioner requests, among other things, immediate release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within seven days. (*Id.* at 19.) On January 31, 2026, the Court ordered Respondents to answer the Petition on or before February 3, 2026 at 12:00 p.m. CT, and enjoined Respondents

---

[1] Because the Court concludes that § 1225(b) does not apply to Petitioner, and therefore Petitioner is entitled to relief regardless of whether he is a member of the class, the Court need not address the effect of *Maldonado Bautista*.

2

from moving Petitioner from this District pending further order.  (Doc. No. 3.)  Respondents timely filed a form response.  (Doc. No. 4.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248.  (*See* Doc. No. 4.)  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with

the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over twenty-five years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear he was wearing at the time of detention, or other proper winter attire. In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

7. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2026         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge